AE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| MATTHEW MAX, and | ) |
| | ) |
| UNITED STATES EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) No. 04 C 4617 |
| Plaintiffs, | ) ) Magistrate Judge Nan R. Nolan |
| v. | ) ) |
| MAYTAG CORPORATION, | ) ) |
| Defendant. | ) ) ) |

## CONSENT DECREE

### THE LITIGATION

1. Plaintiff Equal Employment Opportunity Commission (the "EEOC") filed this action alleging that since approximately April 30, 1999 Defendant, Maytag Corporation ("Defendant" or "Maytag"), violated the Age Discrimination in Employment Act of 1967 ("ADEA"), 29 U.S.C. 621 *et seq.*, by discriminating against Plaintiff Matthew Max ("Max") on the basis of age, and against a class of similarly situated employees over the age of 50 ("the class"). Specifically, the EEOC alleged that Defendant violated the ADEA by demoting Max and the members of the class from Regional Sales Manager to Zone Operations Manager on or about April 30, 1999. EEOC further alleges that Maytag failed to reinstate Max and other class members in future reorganizations and as positions became available, again due to their age. Max has also filed suit against Maytag alleging that he was demoted and disciplined and not reinstated to his former position due to his age. Maytag denies all of these claims.

2. In the interest of resolving this matter, and as a result of having engaged in

comprehensive settlement negotiations, the parties have agreed that this action should be finally resolved by entry of this Consent Decree (hereafter "Decree"). This Decree fully and finally resolves any and all issues and claims arising out of the Complaints filed by the EEOC and Max in this action. Nothing contained in this Decree shall be construed as an admission by any party of liability or non-liability with respect to any of the claims or defenses of the suit.

## FINDINGS

3.  Having carefully examined the terms and provisions of this Decree, and based on the pleadings, record, and stipulations of the parties, the Court finds the following:

    a.  This Court has jurisdiction of the subject matter of this action and of the parties.

    b.  The terms of this Decree are adequate, fair, reasonable, equitable, and just. The rights of the parties, and the public interest are adequately protected by this Decree.

    c.  This Decree conforms with the Federal Rules of Civil Procedure and the ADEA and is not in derogation of the rights or privileges of any person. The entry of this Decree will further the objectives of the ADEA and will be in the best interests of the parties and the public.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

## NON-DISCRIMINATION

4.  Maytag, its officers, agents (including management personnel), successors, and assigns are enjoined from discriminating on the basis of age.

5.  Within ninety (90) days of the entry of this Decree Defendant shall provide training to all of its management and supervisory employees in its sales division regarding the requirements of the ADEA. Defendant shall obtain the EEOC's approval of its proposed trainer

2

prior to the training session. Defendant shall submit the name, address, telephone number, resume and training proposal of the proposed trainer to the EEOC at least thirty (30) days prior to the proposed dates of the training. The EEOC shall have ten (10) calendar days from the date of receipt of the information described above to accept or reject the proposed trainer. If the parties cannot through this process agree on a trainer, then they may seek the Court's assistance under Paragraph 14 of this Decree (below). Defendant shall provide a minimum of two (2) hours of ADEA training to all management and supervisory employees in its sales division once per year for the duration of this decree.

6. Within ninety (90) days of the entry of this decree, Maytag's Vice President for Human Relations shall meet with the District Director of the Chicago District Office of the EEOC, at the Chicago District Office of the EEOC at a time to be mutually agreed upon to discuss Maytag's compliance with the equal employment opportunity laws of the United States.

## NON-RETALIATION

7. Maytag, its officers, agents, employees, successors, assigns and all persons acting in concert with it shall not engage in any form of retaliation against any person because such person has opposed any practice made unlawful under the ADEA, filed a Charge of Discrimination under the ADEA, testified or participated in any manner in any investigation, proceeding, or hearing under the ADEA, or asserted any rights under this Decree.

## MONETARY RELIEF

8. a) Maytag shall pay the gross sum of three hundred thirty four thousand five hundred dollars ($334,500), to resolve the claims of Max and the class members, inclusive of attorneys' fees and costs. This sum shall be distributed in the amounts indicated in the Release Agreements provided to Maytag by Max and the EEOC, and equaling in the aggregate three hundred thirty four thousand five hundred dollars ($334,500).

3

b) Payment to Max shall be in a manner and on terms separately agreed to by Defendant and Max and by the firm of Miner Barnhill & Galland ("Miner") on behalf of Max. EEOC has had no role in negotiating, is not a party to, and has not approved the terms of the release agreement entered into by Max who has been counseled by Miner with respect thereto.

c) Within ten (10) days of the entry of this Decree, EEOC shall mail to each EEOC claimant a letter informing them of the settlement (Exhibit B, attached) and a blank release (Exhibit C, attached).

d) Within ten (10) business days after receipt by Maytag of a Release Agreement in the format of Exhibit C from an EEOC claimant, Maytag shall issue and mail by certified mail to each such claimant, a check, in the amount indicated on the releases, payable to the order of such claimant to the addresses indicated on the releases, as settlement of this case by the EEOC, with a copy to the EEOC.

## POSTING OF NOTICE

9. Within ten (10) business days after entry of this Decree, Maytag shall post same-sized copies of the Notice attached as Exhibit A to this Decree on all non-public bulletin boards usually used by Maytag for communicating with employees at its headquarters in Newton, Iowa, (and shall mail a copy to the home address of each sales employee with a title of District Manager and those more senior than Sales Manager). The Notice shall remain posted for two (2) years from the date of entry of this Decree. Maytag shall take all reasonable steps to ensure that the posting is not altered, defaced or covered by any other material. Maytag shall certify to the EEOC in writing within ten (10) business days after entry of the Decree that the Notice has been properly posted. Maytag shall permit a representative of the EEOC to enter Maytag's premises for purposes of verifying compliance with this Paragraph at any time during normal business hours without prior notice.

4

## RECORD KEEPING

10. For a period of two (2) years following entry of this Decree, Maytag shall maintain and make available for inspection and copying by the EEOC records of each termination and demotion within its sales workforce with the job title of District Manager and all titles senior to District Manager. Such report shall indicate the date the termination or demotion was made, the name and age of the decision maker(s), and the name, address, telephone number and age of the employee terminated or demoted.

11. Maytag shall make all documents or records referred to in Paragraph 10, above, available for inspection and copying within ten (10) business days after the EEOC so requests. In addition, Maytag shall make available for interview all persons within its employ whom the EEOC reasonably requests for purposes of verifying compliance with this Decree and shall permit a representative of the EEOC to enter Maytag's premises for such purposes on five (5) business days advance notice by the EEOC.

12. Nothing contained in this Decree shall be construed to limit any obligation Maytag may otherwise have to maintain records under the ADEA or any other law or regulation.

## REPORTING

13. Maytag shall furnish to the EEOC the following written reports semi-annually for a period of two (2) years following entry of this Decree. The first report shall be due six (6) months after entry of the Decree. The final report shall be due twenty-three (23) months after entry of the Decree. Each such report shall contain:

    a. A summary of the information recorded by Maytag pursuant to Paragraph 10; and,

    b. A certification by Maytag that the Notice required to be posted in Paragraph 9, above, remained posted during the entire six (6) month period preceding the report.

5

## DISPUTE RESOLUTION

14. In the event that either party to this Decree believes that the other party has failed to comply with any provision(s) of the Decree, the complaining party shall notify the other party of the alleged non-compliance and shall afford the alleged non-complying party ten (10) business days to remedy the non-compliance or to satisfy the complaining party that the alleged non-complying party has complied. If the alleged non-complying party has not remedied the alleged non-compliance or satisfied the complaining party that it has complied within ten (10) business days, the complaining party may apply to the Court for appropriate relief.

## DURATION OF THE DECREE AND RETENTION OF JURISDICTION

15. All provisions of this Decree shall be in effect (and the Court will retain jurisdiction of this matter to enforce this Decree) for a period of two (2) years immediately following entry of the Decree, provided, however, that if, at the end of the two (2) years period, any disputes under Paragraph 14, above, remain unresolved, the term of the Decree shall be automatically extended (and the Court will retain jurisdiction of this matter to enforce the Decree) until such time as all such disputes have been resolved.

## MISCELLANEOUS PROVISIONS

16. Except as otherwise stated in paragraph 8 above, the parties shall bear their own expenses, costs and attorneys' fees.

17. The terms of this Consent Decree shall be binding upon the present and future directors, officers, managers, agents, successors, and assigns of Maytag. Maytag, and any successor of Maytag, will provide a copy of this Decree to any organization which proposes to acquire or merge with Maytag, or any successor of Maytag, prior to the effectiveness of any such acquisition or merger. This paragraph shall not be deemed to limit any remedies available in the event of any finding by the Court of contempt for a violation of this Decree.

6

18. When this Decree requires the submission by Maytag of reports, certifications, notices, or other materials to the EEOC, they shall be mailed to: Maytag Settlement, c/o Ethan M. M. Cohen, Trial Attorney, Equal Employment Opportunity Commission, 500 West Madison Street, Suite 2800, Chicago, Illinois, 60661.

For the EQUAL EMPLOYMENT
OPPORTUNITY COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

James L. Lee
Deputy General Counsel

Gwendolyn Young Reams
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
500 West Madison Street
Suite 2800
Chicago, Illinois 60661

_____  11/30/05
John C. Hendrickson                Date
Regional Attorney

_____  11/30/05
Gregory M. Gochanour               Date
Supervisory Trial Attorney

_____  11/30/05
Ethan M. M. Cohen                  Date
Trial Attorney

DATE: 12/02/05

For MAYTAG CORPORATION:

_____  11/28/05
Nina Stillman                      Date
Morgan, Lewis & Bockius LLP
77 W. Wacker Dr., 5th Floor
Chicago, IL 60601

For MATTHEW MAX

_____  11/29/05
Jeffrey Cummings                   Date
Miner Barnhill & Galland
14 W. Erie St.
Chicago, IL 60610

ENTER:

_____
The Honorable Nan R. Nolan
United States Magistrate Judge
8

## EXHIBIT A

### NOTICE TO ALL MAYTAG CORPORATION EMPLOYEES

This Notice is being posted pursuant to a Consent Decree entered by the federal court in EEOC v. Maytag Corporation, No. 04 C 4617 (N.D. Ill.), resolving a lawsuit filed by the Equal Employment Opportunity Commission ("EEOC") against Maytag Corporation ("Maytag").

In its suit, the EEOC alleged that Maytag demoted a group of employees due to their age, in violation of the Age Discrimination in Employment Act of 1967 ("the ADEA"). Maytag has denied these claims.

To resolve the case, Maytag and the EEOC have entered in to a Consent Decree which provided, among other things, that:

1) Maytag provide relief to a class of employees;
2) Maytag will not discriminate on the basis of age;
3) Maytag will not retaliate against any person because he or she opposed any practice made unlawful by the ADEA, filed an ADEA charge of discrimination, participated in any ADEA proceeding, or asserted any rights under the Consent Decree;
4) Maytag will train all management and supervisory employees among its sales staff regarding their duties and obligations under the ADEA.

The EEOC enforces the federal laws against discrimination in employment on the basis of sex, race, color, religion, national origin, age or disability. If you believe you have been discriminated against, you may contact the EEOC at (312) 353-8195. The EEOC charges no fees and has employees who speak languages other than English. If you believe you have been discriminated against you may contact the EEOC.

### THIS IS AN OFFICIAL NOTICE AND MUST NOT BE DEFACED BY ANYONE

**This Notice must remain posted for two years from the date below and must not be altered, defaced or covered by any other material. Any questions about this Notice or compliance with its terms may be directed to: Maytag Settlement, EEOC 500 West Madison Street, Suite 2800, Chicago, Illinois 60661.**

_____  
Date

_____  
Hon. Nan R. Nolan  
United States Magistrate Judge

9

**LETTERHEAD**
**EXHIBIT B**

_____, 2005

XXXXXXXX
XXXX St.
XXXXX, XX XXXXX

    Re:   EEOC v. Maytag, Corp.,
           No. 04 C 4617 (N.D. Ill.)

Dear Mx. XXXXXX:

    A Consent Decree resolving the above-referenced lawsuit was signed by the parties and entered by the Court on _____, 200X. Pursuant to the terms of the Consent Decree, enclosed you will find a copy of a Release to be signed by you.

    In order to obtain any monetary relief under the Consent Decree in this case, you must sign the Release and return it to me. Please mail the signed Release to me as soon as possible at the following address:

    Ethan M. M. Cohen
    Equal Employment Opportunity Commission
    500 West Madison Street, Suite 2800
    Chicago, Illinois 60661

    I have enclosed a pre-addressed envelope for your convenience. You may, of course, wish to make and keep a copy of the signed Release for your own records.

    If you have any questions about the Release or cannot sign and return the enclosed documents within fourteen days, please contact me at (312) 353-7568.

                              Sincerely,

                              Ethan M. M. Cohen
                              Trial Attorney

Encls.

## EXHIBIT C

This is a legal document and you are advised to consult with an attorney before signing.

## RELEASE AGREEMENT

I, *XXXXXXX*, for and in consideration of the sum of $*XX*,000.00, payable to me pursuant to the terms of the Consent Decree entered by the Court in <u>EEOC v. Maytag, Corp.</u>, No. 04 C 4617 (N.D. Ill.), on behalf of myself, my heirs, assigns, executors, and agents, do hereby forever release, waive, remise, acquit, and discharge Maytag, Corp. ("Maytag"), and all past and present shareholders, officers, agents, employees, and representatives of Maytag, as well as all successors and assignees of Maytag, from any and all claims and causes of action of any kind which I now have or ever have had under the Age Discrimination in Employment Act of 1967, as a result of or arising from the subject matter and claims which were or which could have been asserted in <u>EEOC v. Maytag Corp.</u>, No. 04 C 64617.

_____           _____
Date                                           *XXXXXXX*
                                                    Street Address
                                                    City, State, Zip Code

11